IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWIGHT DAVID CORMIER, § | | |
| TDCJ #1088400, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-10-0848 |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent.[1] § | | |

## **MEMORANDUM AND ORDER**

Petitioner Dwight David Cormier (TDCJ #1088400) is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Cormier has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction. After reviewing all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** without prejudice for reasons set forth below.

---

[1] The handwritten petition does not identify a respondent. Because Cormier challenges the validity of his state court conviction, the Court substitutes TDCJ Director Rick Thaler as the proper party pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases.

**I.     BACKGROUND**

A jury in the 184th District Court of Harris County, Texas, found Cormier guilty in cause number 863031 of possessing a controlled substance, namely, cocaine. After finding that Cormier had at least two prior felony convictions, the same jury sentenced him to serve sixty years of imprisonment in TDCJ. That conviction was affirmed on direct appeal in *Cormier v. State*, No. 01-02-00256-CR, 2003 WL 21197156 (Tex. App.—Houston [1st Dist.] May 22, 2003, pet. ref'd). Cormier remains in custody at the Wynne Unit in Huntsville.

Cormier now seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the validity of his conviction in cause number 863031. In the petition and supporting affidavit, which is dated January 25, 2010, Cormier asserts that he is entitled to relief because he has not, in fact, been convicted of an offense. Cormier, who identifies himself as "31333⅓ Freemason," reasons that he has been incarcerated under an "illegal identity" that was created by a conspiracy to keep him unlawfully imprisoned.

This is not the first federal habeas corpus petition that Cormier has filed to challenge his conviction in cause number 863031. Court records confirm that Cormier has filed a federal habeas corpus challenge to this conviction previously. *See Cormier v. Quarterman*, Civil No. H-06-0065 (S.D. Tex.). The record in that case shows that the district court addressed the merits of the petition and granted the respondent's motion for summary judgment, denying relief and dismissing the proceeding with prejudice. The Fifth Circuit denied a certificate of appealability. *See Cormier v. Quarterman*, No. 07-20240 (5th Cir.

Dec. 11, 2007). Accordingly, the Court concludes that this case is subject to dismissal for reasons discussed briefly below.

## II.   DISCUSSION

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999). In that respect, before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The grounds asserted in the pending habeas corpus petition have been presented previously and were rejected by another court in this district, which concluded that Cormier's claims were

3

impermissibly successive. *See Cormier v. Quarterman*, Civil No. H-09-0228 (S.D. Tex. Feb. 3, 2009). Cormier filed objections to that decision, but he did not pursue an appeal and he has not otherwise received leave to pursue a successive habeas corpus petition. The Court concludes, therefore, that the pending petition also qualifies as a successive writ application for purposes of § 2244(b)(3)(A). Likewise, because the allegations made in Cormier's pending petition appear delusional, his pending application otherwise qualifies as an abuse of the writ.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Absent the requisite authorization from the Fifth Circuit, this Court lacks jurisdiction over the petition. *Id.* at 775. Therefore, this proceeding must be dismissed.

### III.     CONCLUSION

Having found that the pending habeas corpus petition is successive and lacking in authorization, the Court **ORDERS** as follows:

1. This federal habeas corpus proceeding is **DISMISSED** for lack of jurisdiction.

2. A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on March 18th, 2010.

_____
Nancy F. Atlas
United States District Judge